**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

LORI W. WILL
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

June 1, 2026

Joseph L. Christensen, Esquire
Christensen Law LLC
1201 North Market Street, Suite 1404
Wilmington, Delaware 19801

Robert L. Burns, Esquire
Kyle H. Lachmund, Esquire
Nicole M. Henry, Esquire
Brendan W. Clark, Esquire
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, Delaware 19801

RE:  *William J. Brown v. Matterport, Inc., et al.*,
C.A. No. 2021-0595-LWW

Dear Counsel:

This letter opinion addresses the outstanding issue remanded by the Delaware

Supreme Court concerning the calculation of post-judgment interest.

On April 22, 2025, the Supreme Court affirmed this court's post-trial decision

in all other respects but remanded for the limited purpose of recalculating post-

judgment interest tied to the July 1, 2024 Order and Final Judgment.[1] To harmonize

the awards of prejudgment and post-judgment interest, prejudgment interest on the

damages award accrued at the affirmed rate of 5.25%, compounded quarterly,

---

[1] *Matterport, Inc. v. Brown*, 340 A.3d 1149, 2025 WL 1166116 (Del. 2025) (ORDER).

through July 1, 2024.[2]  The Supreme Court explained that this court remains "free to exercise its discretion as to the rate of interest and whether and to what extent post-judgment interest is to be compounded."[3]

Plaintiff William Brown argues that 6 *Del. C.* § 2301 mandates a fixed 10.50% rate based on the Federal Discount Rate in effect on July 1, 2024.[4]  The defendants respond that the court should maintain the 5.25% rate used for prejudgment interest to avoid a windfall to Brown.[5]

In the Court of Chancery, the statutory legal rate serves as a benchmark, not an inflexible rule.[6]  Exercising my equitable discretion, I conclude that neither a fixed 10.50% rate nor a fixed 5.25% rate is appropriate here.  A fixed 10.50% rate would create an inequitable windfall for Brown and effectively operate as a sanction for conduct I previously held stemmed from a good-faith misunderstanding.[7]  Conversely, permitting the defendants to retain the judgment amount in a high-

---

[2] *Id.* at *1-2 (reversing the "chosen end date" for prejudgment interest to "harmonize" the awards, but affirming the award of prejudgment interest "on the basis of and for the reasons stated in the Memorandum Opinion").

[3] *Id.* at *2.

[4] *See* Pl.'s Mot. to Enter J. Consistent with Supreme Ct.'s Order (Dkt. 343) ¶ 20.

[5] *See* Defs.' Opp'n to Pl.'s Mot. to Enter J. Consistent with Supreme Ct.'s Order (Dkt. 347) ("Defs.' Opp'n") ¶¶ 4-5.

[6] *See Energy Transfer, LP v. Williams Cos.*, 346 A.3d 1089, 1120 (Del. 2023) (explaining that "the legal rate is a mere guide" (citation omitted)).

[7] *See Brown v. Matterport, Inc.*, 2024 WL 2745822, at *12 (Del. Ch. May 28, 2024).

interest environment at a fixed 5.25% rate would not fully compensate Brown for the loss of the use of his funds. It would instead effectively subsidize the defendants' continued retention of those funds.

Applying a floating rate compounded quarterly appropriately accounts for the economic realities and significant fluctuations in interest rates during the relevant period.[8] To reflect these dynamics, post-judgment interest will accrue at a floating rate equal to 5% over the Federal Reserve discount rate, fluctuating therewith, compounded quarterly.

Separately, Brown argues in his reply that, if a floating rate is adopted for post-judgment interest, "equity requires" the same for prejudgment interest.[9] Because the Supreme Court affirmed the award of prejudgment interest, I cannot alter the 5.25% rate on remand.[10]

---

[8] *See Fortis Advisors LLC v. Johnson & Johnson*, 2024 WL 4048060, at *54 (Del. Ch. Sep. 4, 2024) (noting that a variable rate "accounts for the economic realities during the relevant period, which saw significant swings in interest rates"), *aff'd in part, rev'd in part on other grounds sub nom. Johnson & Johnson v. Fortis Advisors LLC*, 352 A.3d 229 (Del. 2026); *see also Murphy Marine Servs. of Del., Inc. v. GT USA Wilm., LLC*, 2022 WL 4296495, at *24 (Del. Ch. Sep. 19, 2022) (explaining that compounding interest "reflects the financial realities of conducting business").

[9] *See* Pl.'s Reply in Supp. of Mot. to Enter J. Consistent with Supreme Ct.'s Order (Dkt. 350) 10 n.1.

[10] *See Cede & Co. v. Technicolor, Inc*., 884 A.2d 26, 38 (Del. 2005) (explaining that "when an appellate court remands for further proceedings, the trial court must proceed in accordance with the appellate court's mandate as well as the law of the case established on appeal").

Finally, the defendants' request to terminate the accrual of post-judgment interest as of June 1, 2025 is denied.[11]  The defendants could have tolled the accrual of interest at any point after the Supreme Court issued its mandate by satisfying the judgment.  They chose not to do so.  To fully compensate Brown, interest will continue to accrue until the judgment is paid in full.

The parties are directed to confer on a date certain for the payment of the judgment and to file a proposed final order containing an interest calculation consistent with this decision.  That proposed order must be filed within 20 days.

IT IS SO ORDERED.

Sincerely yours,

*/s/ Lori W. Will*

Lori W. Will
Vice Chancellor

---

[11] Defs.' Opp'n ¶¶ 26-27.